**IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA**

**FILED**

**February 27, 2024**

C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**GLORIA S. COWGER,**
**Petitioner Below, Petitioner**

**v.) No. 23-ICA-150**    (Fam. Ct. Webster Cnty. No. FC-51-2015-D-24)

**DENNIS L. COWGER,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Gloria S. Cowger appeals the Family Court of Webster County's Order Denying Petition for Contempt entered March 16, 2023. In that order, the family court denied Ms. Cowger's petition for contempt filed against Respondent Dennis L. Cowger. Mr. Cowger filed a response in support of the family court's decision.[1] Ms. Cowger did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were divorced by final order entered on December 16, 2015. In that order, Mr. Cowger was ordered to pay Ms. Cowger $1,500.00 per month in spousal support. On September 15, 2022, Ms. Cowger filed her petition for contempt against Mr. Cowger alleging that Mr. Cowger's spousal support obligation was in arrears $41,481.92 as of July 30, 2022.

A hearing was held on Ms. Cowger's petition on January 18, 2023. At the hearing, the Bureau for Child Support Enforcement distributed an accounting of Mr. Cowger's arrears. The Bureau's accounting showed that in the year leading up to the hearing before the family court, Mr. Cowger made payments toward his spousal support obligation every month, including two lump sum payments of $12,000.00 and $5,000.00, for a total of $22,814.00 paid for the 2022 year. After a recitation of the procedural history by the attorney for the Bureau for Child Support Enforcement and remarks by Mr. Cowger's counsel, Mr. Cowger was called as a witness. He was the only person called as a witness.

---

[1] Ms. Cowger is represented by Sarah L. Petitto-Meyers, Esq. Mr. Cowger is represented by Michael W. Asbury, Jr., Esq.

1

Mr. Cowger testified that he only earns approximately $25,000.00 to $30,000.00 per year. However, on cross-examination, Mr. Cowger admitted that at that moment, he was earning about $3,800.00 per month due to additional work he was doing with his construction business that was expected to last for another month and a half. Mr. Cowger further testified that in April of 2022, he took out a loan to pay $12,000.00 of his spousal support arrears. After hearing the testimony, the family court indicated that it thought Mr. Cowger's spousal support obligation may be set too high. The family court further noted that it thought it was odd for Ms. Cowger, who had not worked since the divorce, to seek to have Mr. Cowger thrown in jail when she was receiving money from him every month.

Following the hearing, the family court entered its March 16, 2023, order denying the petition for contempt. In that order, the family court found that: Mr. Cowger testified that he has a monthly income of approximately $3,800.00 which consisted of $3,200.00 from business income and $598.00 from school board pension payment; Mr. Cowger made monthly payments to Ms. Cowger, albeit not of the full amount; Ms. Cowger receives approximately $700.00 per month from Mr. Cowger's pension; and Mr. Cowger's failure to pay the full monthly amount was not contemptuous or malicious and the parties would not benefit from Mr. Cowger being incarcerated. The family court ordered Mr. Cowger to make a $2,000.00 payment forthwith. It is from this order that Ms. Cowger appeals.

For these matters, our standard of review is as follows:

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, 248 W. Va. 130, 133, 887 S.E.2d 255, 258 (Ct. App. 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order); *See* Syl. Pt. 1, *Carter v. Carter*, 196 W. Va. 239, 470 S.E.2d 193 (1996) (holding that an abuse of discretion standard applies to contempt rulings).

On appeal, Ms. Cowger asserts two assignments of error. First, Ms. Cowger asserts that the family court erred by failing to hold Mr. Cowger in contempt when it is undisputed that Mr. Cowger has not paid his full obligation amount. We disagree. We note that in *Deitz v. Deitz,* 222 W. Va. 46, 54, 659 S.E.2d 331, 339 (2008) (per curiam), the Supreme Court of Appeals of West Virginia acknowledged that "[a]n integral part of the family court's authority to enter final orders of divorce is its corresponding power to enforce those orders through contempt proceedings." Further, the family court's enforcement of such orders is within the discretion of the family court. *See Mark V.H. v. Dolores J.M.*, 232 W. Va. 378, 387, 752 S.E.2d 409, 418 (2013) (per curiam); *see also Joshua T. v. Angela M.*, No. 22-ICA-221, 2023 WL 2366493, at *2 (W. Va. Ct. App. Mar.

6, 2023) (memorandum decision). Here, as mentioned previously, the record before the Court contains an accounting from the Bureau for Child Support Enforcement that shows that in the year leading up to the hearing before the family court, Mr. Cowger made payments toward his spousal support obligation every month, including two lump sum payments of $12,000.00 and $5,000.00, for a total of $22,814.00 paid for the 2022 year. Given the significant and regular sums paid by Mr. Cowger relative to his income, we decline to hold that the family court abused its discretion by denying the petition for contempt.

Ms. Cowger next asserts that the family court erred by failing to award attorney's fees to her and by failing to enforce its prior orders awarding attorney's fees. The Court notes that on appeal, Ms. Cowger has the duty to support her arguments with "appropriate and specific citations to the record . . . ." W. Va. R. App. P. 10(c)(7). Such specific citations include "citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." *Id.* Otherwise, "[t]he Intermediate Court . . . may disregard errors that are not adequately supported by specific references to the record on appeal." *Id.* Here, Ms. Cowger's brief does not contain any citation to the record that pinpoints when and how the issues in this assignment of error were presented to the family court. Accordingly, the Court declines to address this assignment of error.

Accordingly, we affirm the family court's March 16, 2023, order.

Affirmed.

**ISSUED:** February 27, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear